UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH STANLEY PIGOTT, | ) | Case No. C05-963-TSZ-JPD |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | MOTION FOR APPOINTMENT OF |
| | ) | COUNSEL AND REQUEST FOR |
| RICHARD MORGAN, | ) | LEAVE TO CONDUCT DISCOVERY |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon petitioner's motion for appointment of counsel and request for leave to conduct discovery, Dkt. No. 13. Having carefully considered the parties' pleadings and the available court record, the Court ORDERS as follows:

A.   Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel, Dkt. No. 13, is DENIED. There is no right to have counsel appointed in a *habeas* proceeding unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); R. Gov. § 2254 Cases in U.S. Dist. Cts. 8(c). An evidentiary hearing is needed only if the petitioner (1) alleges facts which, if proven, would entitle him to relief, and (2) demonstrates that the State court trier of fact failed to reliably find all of the relevant facts. *Id.*; *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003).

01  Additionally, the Court may exercise its discretion to appoint counsel for a financially eligible
02  individual where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2).
03         In this case, petitioner has provided no factual or legal basis that indicates an
04  evidentiary hearing is required.  There is no evidence that the State court failed to conduct a
05  full and fair hearing in which it found all of the relevant facts for this case.  Moreover,
06  petitioner's motion fails to demonstrate that the interests of justice are best served by
07  appointment of counsel in this matter at the present time.  Rather, plaintiff's motion states
08  only that the issues in this case are complex, that he has a limited knowledge of the law, and
09  that he has limited access to legal resources.  Dkt. No. 13.  These conclusory statements,
10  without more, do not satisfy the standard described above.
11         B.     <u>Request for Leave to Conduct Discovery</u>
12         Plaintiff's request for leave to conduct discovery, Dkt. No. 13, is DENIED.  *Habeas*
13  *corpus* proceedings serve as a way for petitioners to "correct real and obvious wrongs" in
14  their case and are not meant to permit petitioners to conduct "fishing expeditions" into every
15  aspect of every claim.  *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999).  As a result,
16  *habeas* petitioners do not have the presumptive right to discovery ordinarily given to civil
17  litigants.  *Id*. at 1068.  Courts may, however, authorize *habeas* petitioners to conduct
18  discovery for good cause shown.  R. Gov. § 2254 Cases in U.S. Dist. Cts. 6(a).  "A party
19  requesting discovery must provide reasons for the request.  The request must also include any
20  proposed interrogatories and requests for admission, and must specify any requested
21  documents."  *Id*. at 6(b).
22         Here, petitioner has failed to make a showing of good cause.  In his reply, petitioner
23  indicates that he "seeks all exculpatory evidence[,]" but he offers no explanation as to why
24  such broad discovery is warranted.  This is precisely the type of "fishing expedition" that is to
25  be avoided in *habeas* proceedings.  His motion is therefore denied.
26

ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL AND REQUEST FOR
LEAVE TO CONDUCT DISCOVERY
PAGE -2

01      (2)   The Clerk shall direct copies of this Order to petitioner, to counsel for
02 respondent, and to the Honorable Thomas S. Zilly.

03      DATED this 13th day of September, 2005.

```
                                        /s/ James P. Donohue
                                        _____
                                        JAMES P. DONOHUE
                                        United States Magistrate Judge
```

ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL AND REQUEST FOR
LEAVE TO CONDUCT DISCOVERY
PAGE -3