01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH STANLEY PIGOTT,                    )    Case No. C05-963-TSZ-JPD
                                          )
              Petitioner,                 )
                                          )
       v.                                 )    REPORT AND RECOMMENDATION
                                          )
RICHARD MORGAN,                           )
                                          )
              Respondent.                 )
_____ )

INTRODUCTION AND SUMMARY CONCLUSION

        Petitioner has filed a 28 U.S.C. § 2241 petition for habeas corpus.  Respondent has

filed a response opposing the petition.  Following a careful review of the parties' pleadings and

the record, the Court recommends that the petition be dismissed.

FACTS AND PROCEDURAL HISTORY

        On May 25, 2004, petitioner was convicted in King County Superior Court ("Superior

Court") of assault in the first degree and sentenced to 120 months incarceration.  Dkt. No. 21,

Ex. 1.  This sentence is below the standard range.  *Id.*  On June 18, 2004, petitioner appealed

to the Washington Court of Appeals ("Court of Appeals"), and oral argument was set for

September 13, 2005.  Dkt. No. 21, Ex. 2 (*State v. Pigott,* Court of Appeals Cause No. 54437-

3-I).  Petitioner also filed a personal restraint petition ("PRP") in the Court of Appeals on July

28, 2004, which was stayed, pending the final outcome of his appeal.  Dkt. No. 21, Ex. 3.  The

REPORT AND RECOMMENDATION
PAGE -1

01 record does not show that a final decision on petitioner's appeal has been issued.[1]  There is no

02 evidence that petitioner filed any appeals with the Washington Supreme Court.

03          On July 25, 2005, petitioner filed a 28 U.S.C. § 2241 petition for habeas corpus,

04 which is now before this Court.  Dkt. No. 6.

05                                                    CLAIMS FOR RELIEF

06          Petitioner raises two claims for relief in his petition.  First, he argues, "There is no

07 jurisdiction over the person who is a preamble posterity Sovereign Nation of the General

08 government of the Republic 'De Jure' U.S.A. and is a free person."  Dkt. No. 6.  Second, he

09 argues, "There was no charge of a corpus delicti against of foresaid [sic] free person upon

10 indictment."  *Id.*

11          In his answer, respondent argues that petitioner has failed to exhaust his claims in state

12 court.  Dkt. No. 18.

13                                                       DISCUSSION

14          A.  This Petition Is Construed As a § 2254 Petition.

15          Petitioner filed three versions of his petition, twice referring to 28 U.S.C. § 2241 and

16 once to § 2254.  Dkt. Nos. 1, 4, 6.  Whereas § 2241 authorizes a general grant of habeas

17 authority, § 2254 provides jurisdiction for district courts to issue writs of habeas corpus on

18 behalf of persons "in custody pursuant to the judgment of a state court."  *Stow v. Murashige,*

19 389 F.3d 880, 885-86 (9th Cir. 2004).  Because petitioner is in state custody pursuant to the

20 Superior Court's ruling, the Court construes this as a § 2254 petition.  However, even if this

21 were a § 2241 petition, the exhaustion doctrine, as it is discussed below, would still apply.

22 Although § 2241 does not specifically require exhaustion of direct appeals, the Ninth Circuit

23 generally requires exhaustion as a prudential matter.  *Castro-Cortez v. I.N.S.*, 239 F.3d 1037,

24

25 _____

26          [1] Plaintiff also appealed a ruling to continue the trial date in his original case.  Dkt. No.
21, Ex. 4.  The Court of Appeals dismissed that appeal and issued a certificate of finality.  Dkt.
No. 21, Ex. 5-7.  That certificate did not pertain to petitioner's appeal and PRP, which are still
pending in the Court of Appeals.

REPORT AND RECOMMENDATION
PAGE -2

01 1047 (9th Cir. 2001).

02    B. Petitioner Has Failed To Exhaust His Claims.

03    Before a federal district court can review the merits of a § 2254 petition for writ of

04 habeas corpus, the petitioner must first exhaust his state-court remedies.  28 U.S.C.

05 § 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  A petitioner

06 can satisfy this exhaustion requirement by either (1) fairly and fully presenting each of his

07 federal claims to the state's highest court, or (2) demonstrating that no state remedies are

08 available to him.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A petitioner fairly and

09 fully presents a claim if he submits it "(1) to the proper forum, (2) through the proper vehicle,

10 and by providing the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*,

11 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).  The Ninth Circuit requires that

12 a petitioner explicitly identify the federal basis of his claims in order to ensure that state courts

13 are adequately alerted to the fact that petitioner is raising federal constitutional claims.  *Id.*;

14 *Fields*, 401 F.3d at 1021; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  Alluding to

15 broad constitutional principles, without more, does not satisfy the exhaustion requirement.

16 *Hiivala,* 195 F.3d at 1106.

17    Here, petitioner has failed to demonstrate that he has fairly and fully exhausted his

18 federal claims in state court.  Even though the Court of Appeals issued a certificate of finality

19 regarding his collateral appeal on an order in the original case, his direct appeal and PRP are

20 still pending there.  Furthermore, petitioner has not presented any of his habeas claims to the

21 Washington Supreme Court, nor has he shown that this avenue is unavailable to him.  Because

22 petitioner's case has not yet been presented to the Washington Supreme Court and is still

23 pending with the Court of Appeals, review in federal court is precluded.  Therefore, this

REPORT AND RECOMMENDATION
PAGE -3

01  petition should be dismissed.

02                          <u>CONCLUSION</u>

03          Because petitioner has failed to properly exhaust his federal claims in state court, the

04  Court recommends that his 28 U.S.C. § 2254 petition be dismissed without prejudice.  A

05  proposed order accompanies this Report and Recommendation.

06

07          DATED this  <u>20th</u>  day of <u>October</u>, 2005.

08

09                                          _____
                                            JAMES P. DONOHUE
10                                          United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE -4